UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

Petitioner,

-against-

KERRY GALLAGHER,

Respondent.

25-CV-8987 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Mark Marvin, who is appearing *pro se*, filed this notice of removal, which is captioned for the New York State Supreme Court, Orange County, in which he seeks to remove to this court an action that he appears to have filed in that court. For the reasons set forth below, the action is remanded to the New York Supreme Court, Orange County.

**STANDARD OF REVIEW**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge*

*Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

**BACKGROUND**

Petitioner's notice of removal is captioned for the New York State Supreme Court, Orange County, and appears to be intended to notify that court that he is attempting to remove the action to this court. Petitioner states that "[t]his matter is presently pending before the United States District Court (23-CV-5947 (KMK), and the United States Court of Appeals for the Second Circuit (25-1969) and as there is the occasion of joint jurisdiction, this matter is properly before the United States Court."[1] (ECF 1, at 1.)

Petitioner asks the court[2] to take "notice that the Respondent relies on the sworn statements of Respondent Kerry Gallagher and Matthew J. Nothnagle, Esq. for Richard Golden, as to the truth of the contents of the foreclosure petition. Statements are claimed to be true and based on the records of the Orange County Department of Finance." (*Id.* at 1-2.) He further alleges that "the Marvin tax assessment is fraudulent and has been repudiated by the Town of Montgomery and that the assessment wrongly over assesses tax failure to allow STAR tax reduction." (*Id.* at 2.)

---

[1] In that action, which is currently pending before Judge Kenneth Karas, Petitioner brought civil rights claims against various defendants, including Respondent Gallagher, arising from Orange County's denial of a property tax exemption on property allegedly belonging to Petitioner. *See Marvin v. Allen*, No. 23-CV-5947 (KMK) (S.D.N.Y. filed July 10, 2023). By order dated September 24, 2024, Judge Karas granted the defendants motion to dismiss, but granted Petitioner leave to file an amended complaint. ECF 7:23-CV-5947, 56. By order dated July 17, 2025, Judge Karas denied Petitioner's motion for reconsideration. ECF 7:23-CV-5947, 65. On August 4, 2025, Petitioner filed a notice of interlocutory appeal to the Court of Appeals for the Second Circuit. ECF 7:23-CV-5947, 66. As Petitioner states in his notice of removal, that appeal is currently pending. *See Marvin v. Allen*, No. 25-1969 (2d Cir.)

[2] Because the submission is captioned for the state court, it is unclear whether the notice is directed to this court or the state court.

Finally, Petitioner asserts that the state court "cannot in good faith rely on the truth of the respondent's petition and should be aware that the State has enacted legislation to prevent real estate fraud (RPAPL 756) allowing a Stay to prevent wrongful seizure." (*Id.*)

Petitioner attaches to the notice of removal an Orange County Delinquent Property Tax Payment Stub that is addressed to Rose M. Marvin.

The notice of removal provides no other information about the underlying state court action, such as when it was filed, and Petitioner does not include any process, pleadings, or other orders from the state court action.

## DISCUSSION

Removal of this case is improper. First, only the defendant in a state court action can file a notice of removal. *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove.); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (noting that "[e]very case to consider the question has held that defendants, and only defendants, may remove" (citation omitted)). Here, Petitioner does not appear to be a defendant in the state court action.

Second, even if Petitioner was the defendant in the state court action, he does not establish that this Court has subject matter jurisdiction of this action. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The right of removal is "entirely a creature of statute" and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are

citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Nothing in the notice of removal suggests that this action involves claims arising under federal law or that the parties are citizens of different states and the amount in controversy is more than $75,000.

Finally, the notice of removal is procedurally defective. Petitioner does not include a short and plain statement of the grounds for removal, and he does not attach a copy of the process, pleadings, and orders served in the state court action. *See* 28 U.S.C. § 1446(a). Furthermore, there is no suggestion in the notice of removal that Petitioner filed it within 30 days of his receipt of a pleading, motion, or other paper indicating grounds for removal. *See* 28 U.S.C. § 1446(b)

For all of these reasons, the Court concludes that this case may not be removed. Thus, the Court remands this action to the New York State Supreme Court, Orange County. *See Mitskovski*, 435 F.3d at 131 (noting that the Second Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

**CONCLUSION**

Because removal of this action is improper, the Court remands it under 28 U.S.C. § 1447(c) to the New York State Supreme Court, Orange County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated: November 10, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge